C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
ANTONIO RICO,                                          :
                                                       :        **MEMORANDUM**
                                                       :        **DECISION AND ORDER**
                              Plaintiff,               :
                                                       :        19-cv-4761 (BMC)
                  - against –                           :
                                                       :
                                                       :
ANDREW SAUL, as Commissioner of Social                 :
Security,                                              :
                                                       :
                              Defendant.               :
                                                       :
-------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff seeks review of the decision of the Commissoner of Social Security, following a

hearing before an Administrative Law Judge, that he is not disabled under the Social Security

Act for the purpose of receiving disability insurance benefits.  Plaintiff was represented by an

attorney before the ALJ, but is proceeding before me *pro se*.  He has not submitted a substantive

response to the Commissioner's motion for judgment on the pleadings.  However, because of his

*pro se* status, I have carefully scrutinized the administrative record to ascertain "the strongest

arguments that they suggest."  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d

Cir. 2006).[1]  Notwithstanding this standard of review, I can find no substantive error with the

ALJ's conclusion.

---

[1] Plaintiff has moved for the appointment of counsel before me, but I cannot find that the factors militating towards the appointment of counsel are present here.  See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986).  That motion is therefore denied.

The threshold obstacle that plaintiff faced before the ALJ was that his date last insured ("DLI"), June 30, 2013, was substantially before he obtained any treatment for the primary condition that he claimed rendered him disabled, that is, general anxiety and post-traumatic stress disorder.  His attorney made a perfunctory effort to extend his DLI by asserting that plaintiff was blind in one eye, which would have extended the DLI.  But the attorney ultimately had to concede that as of 2016, plaintiff's corrected vision was either 20/20 in each eye or 20/40 in the right eye and 20/25 in the left eye, so he clearly was not blind in one eye.

The ALJ concluded that there was no medical evidence that plaintiff's mental impairments qualified him for disability benefits.  In so concluding, the ALJ dismissed a series of treatment notes from plaintiff's psychiatrist beginning in October 2014 because that treatment started after his DLI.  The ALJ considered plaintiff's testimony at the hearing, and a state psychologist's examination report, and concluded that neither of these, separately or together, were sufficient to warrant a finding of disability.

With regard to the ALJ's evaluation of plaintiff's testimony, most of which was on direct examination by his attorney, I agree that it was insufficient for plaintiff to carry his burden.  At most, plaintiff testified to anxiety.  He claimed that the anxiety stemmed from the suicide of his grandfather, with whom he was close, in 2012 (when plaintiff was about 32 years' old), although plaintiff described having anxiety even prior to that time.  But mere anxiety is not disability and, as the ALJ found, plaintiff testified that he can carry on normal activities of daily living with, at worst, a moderate impairment in getting along with strangers.

The state consultant's evaluation did not help plaintiff's case at all.  He found only mildly impaired attention, concentration and memory skills.  The psychologist found that plaintiff's

mental impairment should not prevent him from maintaining a regular schedule or learning new tasks; that he adequately relates to others; and has only mild problems dealing with stress.

The ALJ committed procedural error, however, in not considering the treatment notes of plaintiff's psychiatrist on the ground that his treatment did not start until after his DLI.  It is well-established that post-DLI medical records can have a bearing on a claimant's pre-DLI impairment.  See Lisa v. Sec'y of Dep't of Health & Human Servs., 940 F.2d 40, 44 (2d Cir. 1991) (noting that the Court has "repeatedly" observed that evidence of an applicant's condition after the DLI "is pertinent" to the applicant's pre-DLI impairment).  This is particularly the case with mental disorders like anxiety and trauma-induced disorders, as those conditions do not spring like Athena from Zeus's head and may have manifested before the patient realized he needed treatment.  See Wahl v. Astrue, No. 10-CV-499, 2012 WL 1676995, at *4 (N.D.N.Y. Mar. 23, 2012), report and recommendation adopted, 2012 WL 1676987 (N.D.N.Y. May 14, 2012) (error to deny claim solely because PTSD not diagnosed before DLI because "there is certainly a likelihood that Plaintiff suffered from PTSD and related symptoms since his [Vietnam] service and that those symptoms may have become disabling prior to the date last insured.").  Especially in this case, where plaintiff asserted that he had sought mental health treatment before his DLI but had been "waitlisted" at the facility he wanted until fifteen months after the DLI, the ALJ should have considered what, if any, bearing the treatment notes had on his impairment prior to his DLI.

However, I cannot see remanding to correct for this procedural error because it did not prejudice plaintiff.  I have carefully reviewed the treatment notes myself, and they do not show a level of severity of plaintiff's impairment that would warrant a finding a disability.  To the contrary, they show that once plaintiff began taking medication for his condition, it steadily

3

improved so that in 2018, he "admitted to doing better […] exercising biking gardening etc. and remains well and stable and no evidence of distress physical and psychological and no overt thought disorders."  A remand would not result in a finding contrary to that of the ALJ.

I therefore find that the ALJ's decision was supported by substantial evidence.  The Commissioner's motion for judgment on the pleadings is granted and the Clerk is directed to enter judgment dismissing the complaint.

**SO ORDERED.**

_____
                                              U.S.D.J.

Dated:  Brooklyn, New York
          November 17, 2020

4